# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**AISLYNN KERNS,**
*Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.   No._____

**GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC.** and **JEFFREY BAILEY STANFILL,** *individually*, and **BRIDGETTE STANFILL,** *individually*,

Defendants.

**FLSA Collective Action**
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Aislynn Kerns ("Plaintiff"), individually and on behalf of others similarly situated, files this Collective Action Complaint, and states as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Grandmama's House of Preschool and Child Development, Inc., Jeffrey Bailey Stanfill, and Bridgette Stanfill ("Defendants") on behalf of all current and former childcare professionals, who worked for Defendants during the past three (3) years. Plaintiff and the putative class are current and former hourly-paid employees who seek damages for unpaid overtime and minimum wage.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendants employed Plaintiff in this District and Defendants have conducted, and continue to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant Grandmama's House of Preschool and Child Development, Inc. is a Tennessee corporation with its principal place of business located at 401 Highway 149, Clarksville, Tennessee 37040. Defendant may be served through its registered agent, Jeffrey Bailey Stanfill, located at 401 Highway 149, Clarksville, Tennessee 37040.

5. Defendant Jeffrey Bailey Stanfill is an individual residing in Tennessee and can be served with process at 401 Highway 149, Clarksville, Tennessee 37040, or wherever he may be found.

6. Defendant Bridgette Stanfill is an individual residing in Tennessee and can be served with process at 401 Highway 149, Clarksville, Tennessee 37040s, or wherever she may be found.

7. Plaintiff has been a resident of this District and performed work as a non-exempt employee within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

8. Defendants are in the business or providing childcare and day care services via their two (2) locations in the Clarksville, Tennessee area: (1) Grandmamas House of Tiny Town and (2) Grandmama's House of Preschool.

9. Defendants employed/employs Plaintiff and others as hourly-paid childcare professionals to perform the various tasks required in administering child and daycare services.

2

10. "The Putative Class" refers to all individuals who worked for Defendants as hourly-paid childcare professionals during the previous three (3) years.

11. Defendants have been Plaintiff and Putative Class' "employer(s)" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

12. At times material to this action, Plaintiff and Putative Class have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States, within the three (3) years preceding the filing of this collective action.

13. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and the Putative Class have engaged in interstate commerce as Defendants' employees during the applicable statutory period.

14. Plaintiff was employed as an hourly-paid childcare professional with an hourly rate of $9.00 per hour.

15. Plaintiff and others worked in excess of forty (40) hours per week for Defendants in most, if not all weeks, of her/their employment with Defendants.

16. Plaintiff and others were typically scheduled to work five (5) days per week for a scheduled forty (40) hours per week. However, they were regularly required to stay past the end of their scheduled shifts and work hours at a time without pay.

17. Specifically, Plaintiff and the Putative Class were typically scheduled to end their day at 3:30 p.m., yet Defendants required, expected and/or permitted them to stay and work past 3:30 p.m. for hours at a time.

18. If Plaintiff and/or members of the Putative Class worked over forty (40) hours while still clocked-in to Defendants' timekeeping system, Defendants would then edit those timekeeping records down to reflect forty (40) hours or less.

19. Plaintiff and the Putative Class are entitled to overtime at 1.5 times their base rate of pay for all time they worked in excess of forty (40) hours per week and were not paid for at an overtime rate.

20. Additionally, there were instances during Plaintiff's employment when Plaintiff and the Putative Class' paychecks for a pay period were reduced to below federal minimum wage due to deductions taken out by Defendants.

21. Specifically, Plaintiff recalls that she was only paid approximately $10.00 for an entire pay period. In other words, she received only $10.00 of pay for an entire week of work.

22. Defendants' other employees were treated similarly. Defendants also denied wages owed to them as employees based on Defendants' common practice of failing to pay all overtime and minimum wage due.

23. Defendants knew and were aware at all relevant times that they were not compensating Plaintiff and the Putative Class at the appropriate overtime for all compensable time worked over forty (40) hours per week and at the minimum wage rate of pay. Defendants can cite no good faith basis for this failure.

24. Individual Defendants Jeffrey Stanfill and Bridgette Stanfill are the Owners of Grandmama's House of Preschool and Child Development, Inc. In this capacity, they had the power to hire and fire employees and had this power over Plaintiff during the course of her relevant employment. Defendants Jeffrey Stanfill and Bridgette Stanfill were in charge of Plaintiff's schedule, supervised her work, were responsible for pay deductions, and had knowledge of the

4

Case 3:21-cv-00569   Document 1   Filed 07/27/21   Page 4 of 10 PageID #: 4

overtime hours worked by Plaintiff, but failed to provide proper redress or lawful pay for this excessive work. In short, they are, in whole or in part, responsible for the overtime and minimum wage violations at issue in this lawsuit.

25. Defendants' compensation practices violated 29 U.S.C. § 207(a)(1).

26. As a result of Defendants' bad faith and willful failure to pay Plaintiff and the Putative Class in compliance with the FLSA, Plaintiff and the Putative Class have suffered lost wages in the form of overtime and minimum wage compensation.

27. The net effect of Defendants' common plan, policy, and/or practice of failing to pay their non-exempt employees overtime and minimum wage unjustly enriched the Defendants, who enjoyed ill-gained profits at the expense of Plaintiff and the Putative Class, and also enjoyed lower payroll taxes thereby.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

29. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, minimum wage, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

30. The proposed collective class of similarly situated persons, also referred to in this Complaint as the "Putative Class" is defined as:

> All current and former individuals who performed any work for Defendants as an hourly-paid childcare professional in excess of forty (40) hours or suffered from pay deductions bringing their weekly pay below the minimum wage rate of pay in any week from three (3) years prior to the filing of this Complaint through the present.[1]

---

[1] Plaintiff reserves the right to modify or amend this Collective Description upon newly discovered information gathered through the discovery process.

31. Plaintiff and the Putative Class are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendants employed a common pay scheme whereby Defendants' non-exempt employees were paid in a matter impermissible under the FLSA, and were denied any overtime pay thereby.

32. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the Putative Class with respect to Defendants' payroll policies, which universally denied Plaintiff and members of the Putative Class all overtime and minimum wage compensation.

33. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

34. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members.

35. Counsel for Plaintiff will adequately protect her interests as well as the interests of the Putative Class.

36. The precise number of Putative Class can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents. The Putative Class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendants' places of business/work sites.

## COUNT I
**(Violation of the Fair Labor Standards Act – Collective Unpaid Overtime Claim)**

37. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

38. At all relative times, Plaintiff and the Putative Class have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

39. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and the Putative Class also have engaged in interstate commerce during all times material to this action.

40. At all relevant times, Defendants employed Plaintiff and the Putative Class consistent with the terms of the FLSA.

41. At all relevant times, Plaintiff and the Putative Class were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

42. Plaintiff and the Putative Class have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

43. As a result of Defendants' common policy and practice of working Plaintiff and the Putative Class over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, they violated the FLSA.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

45. Through its actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the Putative Class for all hours worked in

excess of forty (40) per week at one-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the Act.

46. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

47. Defendants' actions were not in good faith.

48. The unpaid overtime claims of Plaintiff and the Putative Class are unified through a common theory of Defendants' FLSA violations.

49. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the Putative Class have suffered and will continue to suffer a loss of income and other damages.

50. Therefore, Defendants are liable to Plaintiff and the Putative Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
**(Violation of the Fair Labor Standards Act –Minimum Wage Claim)**

51. The forgoing paragraphs are incorporated by reference as if fully stated herein.

52. At all relative times, Plaintiff and the Putative Class have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

53. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and the Putative Class have engaged in interstate commerce during all times material to this action.

54. At all relevant times, Plaintiff and the Putative Class were "employees" of Defendants within the meaning of the FLSA.

55. Through their actions, policies, practices, and plans, Defendants violated the FLSA by failing to compensate Plaintiff and the Putative Class at the minimum wage rate of pay when payroll

deductions were so large that it brought Plaintiff and the Putative Class' paychecks to approximately $10.00 per pay period. This constitutes wage theft in its clearest form.

56. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

57. Defendants' actions were not in good faith.

58. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the Putative Class have suffered and will continue to suffer a loss of income and other damages.

59. Therefore, Defendants are liable to Plaintiff and the Putative Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 201, *et seq.*, as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those who choose to opt into this matter request the Court enter judgment in favor of this Complaint and:

a) Award Plaintiff and the Putative Class all unpaid overtime and minimum wage compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and the Putative Class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the Putative Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the Putative Class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Dated: July 27, 2021

Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rturner@jsyc.com*
*rmorelli@jsyc.com*

-and-

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFF AND ON BEHALF OF OTHERS SIMILARLY SITUATED**