IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| AISLYNN KERNS,<br>*Individually, and on behalf of herself*<br>*and others similarly situated,* | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 3:21-569 |
| GRANDMAMA'S HOUSE OF PRESCHOOL<br>AND CHILD DEVELOPMENT, INC.,<br>JEFFREY BAILEY STANFILL, *individually*,<br>and BRIDGETTE STANFILL, *individually*, | ) ) ) ) ) | FLSA COLLECTIVE ACTION<br>JURY DEMAND |
| **Defendants.** | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND DISMISSAL WITH PREJUDICE OF ALL CLAIMS

Plaintiff Aislynn Kerns, individually and behalf of herself and others similarly situated and Defendants Grandmama's House of Preschool and Child Development, Inc., Jeffrey Bailey Stanfill, and Bridgette Stanfill (collectively, "Defendants"), by and through counsel, respectfully move this Court for approval of the Settlement Agreements attached as collective *Exhibit 1*, and for the dismissal of this lawsuit with prejudice.

Although it is not clear in this Circuit that court approval of a settlement of FLSA claims is required to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b). *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).[1] In reviewing an FLSA settlement, the court must scrutinize the proposed

---

[1] *But see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012) (holding where plaintiffs were represented by counsel and knew about their FLSA rights Court approval of

1

settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *accord Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

In this lawsuit, Plaintiff alleges that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act (the "FLSA"). One person, Sabrina Moreland, has opted in to the lawsuit as a Plaintiff by filing a Consent to Join. (Doc. 7.) Defendants deny all liability to Plaintiffs. However, the parties wish to fully and finally resolve all disputes related to the claims in the action without the expense of further litigation. The parties are represented by counsel and have entered into settlement agreements in an effort to resolve their disputes without protracted litigation. The parties represent to the Court that the settlements are fair and reasonable and adequately compensate Plaintiffs for their disputed claims. The settlements are intended to resolve and satisfy all of Plaintiffs' wage and hour claims, including those available to them under the

---

an FLSA settlement was not required because there was little danger of the plaintiffs being disadvantaged by unequal bargaining power.)

FLSA and state law, such as back wages, potential liquidated damages, and attorney's fees and costs.

For the foregoing reasons, the parties respectfully request that the Court approve the settlement agreements as a fair and reasonable resolution of Plaintiffs' wage and hour claims, and that this matter be dismissed with prejudice.

RESPECTFULLY SUBMITTED,

*/s/ Robert E. Turner, IV*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

-and-

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Thomas Anthony Swafford, BPR # 17578
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tony@swaffordlawfirm.com
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served via email, U.S. Mail, or the Court's Electronic Filing System on:

THE SWAFFORD LAW FIRM, PLLC
Thomas Anthony Swafford, BPR # 17578
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tony@swaffordlawfirm.com
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

on this 16th day of December, 2021.

/s/ Robert E. Turner, IV
Robert E. Turner, IV