EXHIBIT 1

**SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement (the "AGREEMENT") is made and entered into by and between AISLYNN KEARNS (hereinafter referred to as "KEARNS") and GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC. ("GRANDMAMA'S").

WHEREAS, KEARNS has pending against GRANDMAMA'S, JEFFREY BAILEY STANFILL, and BRIDGETTE STANFILL (the "STANFILLS") an action in the United States District Court for the Middle District of Tennessee, captioned *Aislynn Kerns* [sic]*, Individually, and on behalf of herself and others similarly situated v. Grandmama's House of Preschool and Child Development, Inc., and Jeffrey Bailey Stanfill, individually, and Bridgette Stanfill, individually*, Case No. 3:21-cv-00569 (the "LAWSUIT");

WHEREAS, GRANDMAMA'S and the STANFILLS deny all allegations made in the LAWSUIT;

WHEREAS, KEARNS and GRANDMAMA'S (collectively, the "Parties") desire to settle fully and finally any and all claims asserted by KEARNS in the LAWSUIT or otherwise arising out of KEARNS'S employment relationship with GRANDMAMA'S and KEARNS'S separation of employment therefrom;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1. <u>Consideration</u>. In consideration for this AGREEMENT:

   a. GRANDMAMA'S shall pay to KEARNS the gross amount of Three Thousand, Nine Hundred and Fifty Dollars ($3,950.00), which shall be paid as follows:

   The first check shall be made payable to "Aislynn Kearns" in the gross sum of Six Hundred and Twenty-Five Dollars ($625.00), less all applicable withholdings, which is payment for wage damages. GRANDMAMA'S shall issue a W-2 form as required by law.

   The second check shall be made payable to "Aislynn Kearns" in the sum of Six Hundred and Twenty-Five Dollars ($625.00), which is payment for non-wages, including, but not limited to, liquidated damages and as consideration for a release of non-Fair Labor Standards Act claims.. This payment is not subject to withholdings and GRANDMAMA'S shall issue a 1099 form as required by law.

   The third check shall be made payable to "JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT" in the sum of Two Thousand, Seven Hundred Dollars ($2,700.00).

JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT is located at 262 German Oak Drive, Memphis, TN 38018 and its taxpayer identification number is 62-1851619.

The checks shall be mailed to counsel for KEARNS within fourteen (14) calendar days following the date that the Court signs the APPROVAL ORDER approving the settlement of the claims of KEARNS and co-Plaintiff Sabrina Moreland. Each party agrees to bear its own fees and costs.

b. KEARNS agrees that the foregoing shall constitute an accord and satisfaction and a full and complete settlement of her claims and shall constitute the entire amount of monetary consideration to be provided to KEARNS pursuant to this AGREEMENT. KEARNS agrees that she will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this AGREEMENT.

c. KEARNS acknowledges and agrees that GRANDMAMA'S has made no representations to KEARNS regarding the tax consequences of any amounts received by KEARNS or her counsel pursuant to this AGREEMENT. KEARNS agrees to pay federal or state taxes that are required by law to be paid by her with respect to this AGREEMENT. In the event that GRANDMAMA'S is notified by any taxing authority that a portion of said settlement amount should have been withheld, KEARNS shall be notified within twenty (20) days by GRANDMAMA'S in order to allow KEARNS to contest any such alleged obligation. If it is finally determined that GRANDMAMA'S is required to pay both its tax obligation and the tax obligation of KEARNS regarding the settlement amount paid to KEARNS, then KEARNS will indemnify GRANDMAMA'S for payment of KEARNS'S tax obligation and any related assessed interest and penalties.

2. <u>No Pending Actions And Covenant Not To Sue</u>. With the exception of the LAWSUIT referenced above, KEARNS represents she has not filed any complaint against GRANDMAMA'S, its owners, officers, agents, directors, supervisors, employees, representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns with any state, federal or local agency or court, and that KEARNS will not do so at any time hereafter. Should KEARNS violate this provision, KEARNS shall be liable to GRANDMAMA'S for its reasonable attorney's fees and other litigation costs and expenses incurred in defending such an action. Nothing in this AGREEMENT shall be construed to prohibit KEARNS from filing a charge with, providing truthful information to, or participating in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the Tennessee Human Rights Commission, or any local fair employment practices agency. However, KEARNS waives the right to receive any monetary damages in connection with any such investigation or proceeding.

3. <u>Dismissal</u>. In conjunction with signing the AGREEMENT, KEARNS will take all necessary action to cause the LAWSUIT to be dismissed with prejudice as against all parties. This AGREEMENT is expressly conditioned upon the actual dismissal with prejudice by the Court of

all of the causes of action alleged in the LAWSUIT. If the Court does not dismiss the entire LAWSUIT with prejudice, this AGREEMENT shall be null and void and the Consideration set forth in Paragraph 1 must be returned to GRANDMAMA'S.

4. <u>Court Approval</u>. Within seven (7) days after execution of this Agreement, the parties will file a Joint Motion to Approve Settlement and Dismiss with Prejudice with the Court. The parties will cooperate in the drafting and submission of this Joint Motion. Pending Court approval of this Agreement, the litigation is stayed and the parties shall not pursue any discovery or otherwise litigate the claims.

5. <u>Release of Claims by Employee</u>. As a material inducement to GRANDMAMA'S to enter into this AGREEMENT, and in return for the promises and undertakings set forth herein, KEARNS, on behalf of herself, her spouse, her heirs, assigns, agents, executors, administrators and successors, past and present, hereby fully and without limitation **waives, releases and forever discharges** GRANDMAMA'S (including its owners, officers, agents, directors, supervisors, employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns), JEFFREY BAILEY STANFILL, and BRIDGETTE STANILL, from any and all rights, claims, demands, liabilities, actions and causes of action (whether in law or in equity), suits, damages, losses, attorneys' fees, costs, and expenses, of whatever nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected (collectively, the "**Claims**"), that KEARNS has or may have against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL, for any acts or omissions occurring on or before the date that KEARNS signs this Agreement.

   a. This waiver and release applies not only to all claims which were or which could have been raised in the LAWSUIT, but also applies to all of KEARNS'S claims, demands, actions and causes of action, in law or in equity, suits, liabilities, losses, costs or expenses, known or unknown, suspected or unsuspected, that KEARNS may have arising out of, or relating in any way to her employment or her separation of employment, whether or not they have been asserted before the date KEARNS signs this Agreement, including, but not limited to, all claims for retaliation, wrongful termination, constructive discharge, wrongful demotion, breach of contract, breach of implied covenant of good faith and fair dealing, harassment, sexual harassment, fraud, misrepresentation, intentional and negligent infliction of emotional distress, reimbursement of employee expenses, reimbursement of medical expenditures, violation of civil rights, defamation, conspiracy, severance pay, claims under the laws of the State of Tennessee, or similar laws of any other jurisdiction, claims for discrimination based on race, color, national origin, ancestry, sex, religion, marital status, veteran status, medical condition, age and/or disability under federal or state law, including, but in no way limited to, any claim under the **Age Discrimination in Employment Act**; the **Older Workers' Benefit Protection Act**; **Title VII of the Civil Rights Act of 1964**; the **Civil Rights Act of 1991;** the **Family and Medical Leave Act**; **42 U.S.C. § 1981**; the **Americans with Disabilities Act**; the **Fair Labor Standards Act**; the **Equal Pay Act**; the **Employee Retirement Income Security Act**; the **Genetic**

3

**Information Nondiscrimination Act**; the **Consolidated Omnibus Budget Rehabilitation Act** ("COBRA"); the **Tennessee Human Rights Act**; any and all claims arising out of the Constitution of the United States or the State of Tennessee; all "whistleblower claims" or other claims involving the violation of public policy, retaliation, or interference with legal rights; all claims alleging an adverse employment action motivated by employee activity protected by any local, state, or federal law; and any and all other federal or state laws relating to employment, discrimination, harassment, termination, retaliation, violation of public policy, compensation, whistleblower claims, tort claims, constitutional claims, interference with a contractual right or interference with an employment relationship, any alleged contracts or claims of promissory estoppel arising out of her employment relationship and all other claims raised or which could have been raised arising out of or during, or relating in any way to, her employment or the termination of her employment at any time up to and including the date KEARNS signs this Agreement.

b. KEARNS represents that this release is intended to be interpreted to apply as broadly as permitted under law, provided that, notwithstanding the foregoing, this paragraph expressly does not include a release of any claims that cannot be released hereunder by law. KEARNS acknowledges that, upon receipt of payment under this Agreement, she has received from GRANDMAMA'S all wages and compensation which she is owed by GRANDMAMA'S or to which she is entitled by law as of her last pay period. KEARNS further acknowledges that GRANDMAMA'S has in no way interfered with her right to take any leave to which she may have been entitled by law or under GRANDMAMA'S policies. KEARNS further acknowledges that she has reported any and all workplace injuries that she has incurred or suffered to date. KEARNS further acknowledges that she is not aware of any illegal conduct or practice on the part of GRANDMAMA'S as of the date of his execution of this Agreement.

c. This a General Waiver and Release of Claims and is intended to encompass all known and unknown, foreseen and unforeseen Claims that KEARNS has or may have against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL, arising out of or during, or relating in any way to, her employment or the termination of her employment as of the date that KEARNS signs this Agreement.

d. KEARNS irrevocably and absolutely agrees that she will not prosecute or allow to be prosecuted on her behalf, in any administrative agency, whether federal or state, any claim or demand of any type related to the matters released, it being the intention of all parties that with the execution of this Agreement, GRANDMAMA'S, JEFFREY BAILEY STANFILL, and BRIDGETTE STANFILL will be absolutely, unconditionally and forever discharged of and from all obligations in any way related to the matters discharged herein. In the event KEARNS denies this, this Agreement will act as a complete and total bar to the action or to any recovery.

e. KEARNS also waives any right to become, and promises not to consent to become, a participant, member or representative of any class in any case in which claims are asserted against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL (as defined in this AGREEMENT) that are related in any way to her employment or separation of her employment with GRANDMAMA'S, and that involve events which have occurred as of the date she signs this AGREEMENT. If KEARNS, without her knowledge, is made a member of a class in any proceeding, she will opt out of the class at the first opportunity afforded her after learning of her inclusion. In this regard, she agrees that she will execute, without objection or delay, an "opt-out" form presented to her either by the court in which such proceeding is pending or by counsel for GRANDMAMA'S.

6. <u>No Re-Hire</u>. KEARNS hereby agrees and recognizes: (a) that KEARNS ended her employment with GRANDMAMA'S voluntarily, effective July 2021, and KEARNS will not apply for or otherwise seek employment with GRANDMAMA'S or its divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that GRANDMAMA'S has no obligation to employ, hire, reinstate or otherwise engage KEARNS in the future. KEARNS further agrees and recognizes that if KEARNS applies and/or is hired by GRANDMAMA'S or its related entities in the future, this AGREEMENT is sufficient and appropriate legal grounds for denying employment and/or terminating KEARNS'S employment.

7. <u>No Admission</u>. This AGREEMENT and compliance with this AGREEMENT shall not be construed as an admission by GRANDMAMA'S or GRANDMAMA'S owners or employees of any liability whatsoever, or as admission by GRANDMAMA'S or its owners or employees of any violation of the rights of KEARNS, violation of any order, law, statute, duty or contract whatsoever. GRANDMAMA'S specifically disclaims any liability to KEARNS for any alleged violation of her rights, and of any order, law, statute, duty or contract on the part of GRANDMAMA'S or its owners, employees, agents or successors.

8. <u>Voluntary Assistance</u>. KEARNS agrees that she will not voluntarily aid or assist, either directly or indirectly, any individual or entity in the assertion or pursuit of any private claim or the prosecution of any private lawsuit, action, arbitration or judicial or administrative proceeding now existing or hereinafter arising against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL. Anything hereinabove to the contrary notwithstanding, nothing contained in this paragraph shall be construed to alter, diminish or limit KEARNS'S obligation to respond to any requests in the form of a subpoena, deposition notice, court order or otherwise requiring KEARNS to appear at trial, hearing or deposition to give testimony.

9. <u>Cooperation in Litigation.</u> KEARNS will cooperate with GRANDMAMA'S in all investigations of any kind and in providing truthful testimony as a witness or a declarant in connection with any present or future court, administrative, agency, or arbitration proceeding involving GRANDMAMA'S and with respect to which KEARNS has relevant information. KEARNS also will assist GRANDMAMA'S during all phases of any judicial, administrative, agency, or arbitration proceeding involving GRANDMAMA'S and with respect to which

5

KEARNS has relevant information including, without limitation, assisting and cooperating in the preparation and review of documents and meeting with counsel.

10. <u>Nondisparagement</u>. KEARNS and GRANDMAMA'S agree not to take any action detrimental to the interests of the other, and not to make derogatory statements, either oral or written, or otherwise disparage the other party.

11. <u>Neutral Reference.</u> In consideration of the aforementioned release, GRANDMAMA'S agrees to give KEARNS a neutral reference if a prospective employer inquires with GRANDMAMA'S regarding KEARNS' prior employment with GRANDMAMA'S, provided that the prospective employer calls Madison McMahan, Co-Director, at (931) 802-5455, to make this inquiry. For purposes of this Agreement, a neutral reference is a reference that communicates only the dates of employment and position or title of KEARNS to inquiring potential employers. This requirement may be waived by KEARNS if KEARNS executes a waiver allowing GRANDMAMA'S to provide more information to a prospective employer.

12. <u>Successors and Assigns</u>. This AGREEMENT shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. KEARNS expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this AGREEMENT.

13. <u>Severability</u>. Should any provision of this AGREEMENT be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this AGREEMENT.

14. <u>Entire Agreement and Modification</u>. The parties hereto represent and acknowledge that in executing this AGREEMENT they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this AGREEMENT or otherwise, other than those specifically stated in this written AGREEMENT. This AGREEMENT sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements and understandings, written or oral, between the parties hereto pertaining to the subject matter hereof. This AGREEMENT may only be amended or modified by a writing signed by the parties hereto. Any waiver of any provision of this AGREEMENT shall not constitute a waiver of any other provision of this AGREEMENT unless expressly so indicated.

15. <u>Interpretation and Governing Law</u>. This AGREEMENT shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

This AGREEMENT is made and entered into in the State of Tennessee, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Tennessee.

16. <u>Enforcement</u>. It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

17. <u>Counterparts</u>. This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, KEARNS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC., JEFFREY BAILEY STANFILL, AND BRIDGETTE STANFILL.**

ACCEPTED AND AGREED:

Dated: 12-14-2021         By: *Aislynn Kearns*
                              AISLYNN KEARNS,
                              PLAINTIFF


Dated: _____          **GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC.**

                            By: _____

                            Name: _____

                            Title: _____

7

This AGREEMENT is made and entered into in the State of Tennessee, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Tennessee.

16. <u>Enforcement</u>. It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

17. <u>Counterparts</u>. This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, KEARNS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC., JEFFREY BAILEY STANFILL, AND BRIDGETTE STANFILL.**

ACCEPTED AND AGREED:

Dated: _____

By: _____
AISLYNN KEARNS,
PLAINTIFF

Dated: *12/15/21*

**GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC.**

By: *[signature]*
Name: *Jeffery B. Stanfill*
Title: *President*

7

# SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "AGREEMENT") is made and entered into by and between SABRINA MORELAND (hereinafter referred to as "MORELAND") and GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC. ("GRANDMAMA'S").

WHEREAS, MORELAND has joined an action pending against GRANDMAMA'S, JEFFREY BAILEY STANFILL, and BRIDGETTE STANFILL (the "STANFILLS") in the United States District Court for the Middle District of Tennessee, captioned *Aislynn Kerns* [sic]*, Individually, and on behalf of herself and others similarly situated v. Grandmama's House of Preschool and Child Development, Inc., and Jeffrey Bailey Stanfill, individually, and Bridgette Stanfill, individually*, Case No. 3:21-cv-00569 (the "LAWSUIT");

WHEREAS, GRANDMAMA'S and the STANFILLS deny all allegations made in the LAWSUIT;

WHEREAS, MORELAND and GRANDMAMA'S (collectively, the "Parties") desire to settle fully and finally any and all claims asserted by MORELAND in the LAWSUIT or otherwise arising out of MORELAND'S employment relationship with GRANDMAMA'S and MORELAND'S separation of employment therefrom;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1. <u>Consideration</u>. In consideration for this AGREEMENT:

   a. GRANDMAMA'S shall pay to MORELAND the gross amount of Three Thousand, Five Hundred and Fifty Dollars ($3,550.00), which shall be paid as follows:

   The first check shall be made payable to "Sabrina Moreland" in the gross sum of Four Hundred and Twenty-Five Dollars ($425.00), less all applicable withholdings, which is payment for wage damages. GRANDMAMA'S shall issue a W-2 form as required by law.

   The second check shall be made payable to "Sabrina Moreland" in the sum of Four Hundred and Twenty-Five Dollars ($425.00), which is payment for non-wages, including, but not limited to, liquidated damages and as consideration for a release of non-Fair Labor Standards Act claims.. This payment is not subject to withholdings and GRANDMAMA'S shall issue a 1099 form as required by law.

   The third check shall be made payable to "JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT" in the sum of Two Thousand, Seven Hundred Dollars ($2,700.00).

1

JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT is located at 262 German Oak Drive, Memphis, TN 38018 and its taxpayer identification number is 62-1851619.

The checks shall be mailed to counsel for MORELAND within fourteen (14) calendar days following the date that the Court signs the APPROVAL ORDER approving the settlement of the claims of MORELAND and co-Plaintiff Aislynn Kearns. Each party agrees to bear its own fees and costs.

b. MORELAND agrees that the foregoing shall constitute an accord and satisfaction and a full and complete settlement of her claims and shall constitute the entire amount of monetary consideration to be provided to MORELAND pursuant to this AGREEMENT. MORELAND agrees that she will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this AGREEMENT.

c. MORELAND acknowledges and agrees that GRANDMAMA'S has made no representations to MORELAND regarding the tax consequences of any amounts received by MORELAND or her counsel pursuant to this AGREEMENT. MORELAND agrees to pay federal or state taxes that are required by law to be paid by her with respect to this AGREEMENT. In the event that GRANDMAMA'S is notified by any taxing authority that a portion of said settlement amount should have been withheld, MORELAND shall be notified within twenty (20) days by GRANDMAMA'S in order to allow MORELAND to contest any such alleged obligation. If it is finally determined that GRANDMAMA'S is required to pay both its tax obligation and the tax obligation of MORELAND regarding the settlement amount paid to MORELAND, then MORELAND will indemnify GRANDMAMA'S for payment of MORELAND'S tax obligation and any related assessed interest and penalties.

2. <u>No Pending Actions And Covenant Not To Sue</u>. With the exception of the LAWSUIT referenced above, MORELAND represents she has not filed any complaint against GRANDMAMA'S, its owners, officers, agents, directors, supervisors, employees, representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns with any state, federal or local agency or court, and that MORELAND will not do so at any time hereafter. Should MORELAND violate this provision, MORELAND shall be liable to GRANDMAMA'S for its reasonable attorney's fees and other litigation costs and expenses incurred in defending such an action. Nothing in this AGREEMENT shall be construed to prohibit MORELAND from filing a charge with, providing truthful information to, or participating in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the Tennessee Human Rights Commission, or any local fair employment practices agency. However, MORELAND waives the right to receive any monetary damages in connection with any such investigation or proceeding.

3. <u>Dismissal</u>. In conjunction with signing the AGREEMENT, MORELAND will take all necessary action to cause the LAWSUIT to be dismissed with prejudice as against all parties. This AGREEMENT is expressly conditioned upon the actual dismissal with prejudice by the Court of all of the causes of action alleged in the LAWSUIT. If the Court does not dismiss the entire LAWSUIT with prejudice, this AGREEMENT shall be null and void and the Consideration set forth in Paragraph 1 must be returned to GRANDMAMA'S.

4. <u>Court Approval</u>. Within seven (7) days after execution of this Agreement, the parties will file a Joint Motion to Approve Settlement and Dismiss with Prejudice with the Court. The parties will cooperate in the drafting and submission of this Joint Motion. Pending Court approval of this Agreement, the litigation is stayed and the parties shall not pursue any discovery or otherwise litigate the claims.

5. <u>Release of Claims by Employee</u>. As a material inducement to GRANDMAMA'S to enter into this AGREEMENT, and in return for the promises and undertakings set forth herein, MORELAND, on behalf of herself, her spouse, her heirs, assigns, agents, executors, administrators and successors, past and present, hereby fully and without limitation **waives, releases and forever discharges** GRANDMAMA'S (including its owners, officers, agents, directors, supervisors, employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns), JEFFREY BAILEY STANFILL, and BRIDGETTE STANILL, from any and all rights, claims, demands, liabilities, actions and causes of action (whether in law or in equity), suits, damages, losses, attorneys' fees, costs, and expenses, of whatever nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected (collectively, the "**Claims**"), that MORELAND has or may have against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL, for any acts or omissions occurring on or before the date that MORELAND signs this Agreement.

   a. This waiver and release applies not only to all claims which were or which could have been raised in the LAWSUIT, but also applies to all of MORELAND'S claims, demands, actions and causes of action, in law or in equity, suits, liabilities, losses, costs or expenses, known or unknown, suspected or unsuspected, that MORELAND may have arising out of, or relating in any way to her employment or her separation of employment, whether or not they have been asserted before the date MORELAND signs this Agreement, including, but not limited to, all claims for retaliation, wrongful termination, constructive discharge, wrongful demotion, breach of contract, breach of implied covenant of good faith and fair dealing, harassment, sexual harassment, fraud, misrepresentation, intentional and negligent infliction of emotional distress, reimbursement of employee expenses, reimbursement of medical expenditures, violation of civil rights, defamation, conspiracy, severance pay, claims under the laws of the State of Tennessee, or similar laws of any other jurisdiction, claims for discrimination based on race, color, national origin, ancestry, sex, religion, marital status, veteran status, medical condition, age and/or disability under federal or state law, including, but in no way limited to, any claim under the **Age Discrimination in Employment Act**; the **Older Workers' Benefit Protection Act**; **Title VII of the Civil**

3

**Rights Act of 1964**; the **Civil Rights Act of 1991;** the **Family and Medical Leave Act**; **42 U.S.C. § 1981**; the **Americans with Disabilities Act**; the **Fair Labor Standards Act**; the **Equal Pay Act**; the **Employee Retirement Income Security Act**; the **Genetic Information Nondiscrimination Act**; the **Consolidated Omnibus Budget Rehabilitation Act** ("COBRA"); the **Tennessee Human Rights Act**; any and all claims arising out of the Constitution of the United States or the State of Tennessee; all "whistleblower claims" or other claims involving the violation of public policy, retaliation, or interference with legal rights; all claims alleging an adverse employment action motivated by employee activity protected by any local, state, or federal law; and any and all other federal or state laws relating to employment, discrimination, harassment, termination, retaliation, violation of public policy, compensation, whistleblower claims, tort claims, constitutional claims, interference with a contractual right or interference with an employment relationship, any alleged contracts or claims of promissory estoppel arising out of her employment relationship and all other claims raised or which could have been raised arising out of or during, or relating in any way to, her employment or the termination of her employment at any time up to and including the date MORELAND signs this Agreement.

b. MORELAND represents that this release is intended to be interpreted to apply as broadly as permitted under law, provided that, notwithstanding the foregoing, this paragraph expressly does not include a release of any claims that cannot be released hereunder by law. MORELAND acknowledges that, upon receipt of payment under this Agreement, she has received from GRANDMAMA'S all wages and compensation which she is owed by GRANDMAMA'S or to which she is entitled by law as of her last pay period. MORELAND further acknowledges that GRANDMAMA'S has in no way interfered with her right to take any leave to which she may have been entitled by law or under GRANDMAMA'S policies. MORELAND further acknowledges that she has reported any and all workplace injuries that she has incurred or suffered to date. MORELAND further acknowledges that she is not aware of any illegal conduct or practice on the part of GRANDMAMA'S as of the date of his execution of this Agreement.

c. This a General Waiver and Release of Claims and is intended to encompass all known and unknown, foreseen and unforeseen Claims that MORELAND has or may have against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL, arising out of or during, or relating in any way to, her employment or the termination of her employment as of the date that MORELAND signs this Agreement.

d. MORELAND irrevocably and absolutely agrees that she will not prosecute or allow to be prosecuted on her behalf, in any administrative agency, whether federal or state, any claim or demand of any type related to the matters released, it being the intention of all parties that with the execution of this Agreement, GRANDMAMA'S, JEFFREY BAILEY STANFILL, and BRIDGETTE STANFILL will be absolutely, unconditionally and forever discharged of and from all obligations in any way related to the matters discharged herein.

4

In the event MORELAND denies this, this Agreement will act as a complete and total bar to the action or to any recovery.

e. MORELAND also waives any right to become, and promises not to consent to become, a participant, member or representative of any class in any case in which claims are asserted against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL (as defined in this AGREEMENT) that are related in any way to her employment or separation of her employment with GRANDMAMA'S, and that involve events which have occurred as of the date she signs this AGREEMENT. If MORELAND, without her knowledge, is made a member of a class in any proceeding, she will opt out of the class at the first opportunity afforded her after learning of her inclusion. In this regard, she agrees that she will execute, without objection or delay, an "opt-out" form presented to her either by the court in which such proceeding is pending or by counsel for GRANDMAMA'S.

6. <u>No Re-Hire</u>. MORELAND hereby agrees and recognizes: (a) that MORELAND ended her employment with GRANDMAMA'S voluntarily, effective June 2021, and MORELAND will not apply for or otherwise seek employment with GRANDMAMA'S or its divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that GRANDMAMA'S has no obligation to employ, hire, reinstate or otherwise engage MORELAND in the future. MORELAND further agrees and recognizes that if MORELAND applies and/or is hired by GRANDMAMA'S or its related entities in the future, this AGREEMENT is sufficient and appropriate legal grounds for denying employment and/or terminating MORELAND'S employment.

7. <u>No Admission</u>. This AGREEMENT and compliance with this AGREEMENT shall not be construed as an admission by GRANDMAMA'S or GRANDMAMA'S owners or employees of any liability whatsoever, or as admission by GRANDMAMA'S or its owners or employees of any violation of the rights of MORELAND, violation of any order, law, statute, duty or contract whatsoever. GRANDMAMA'S specifically disclaims any liability to MORELAND for any alleged violation of her rights, and of any order, law, statute, duty or contract on the part of GRANDMAMA'S or its owners, employees, agents or successors.

8. <u>Voluntary Assistance</u>. MORELAND agrees that she will not voluntarily aid or assist, either directly or indirectly, any individual or entity in the assertion or pursuit of any private claim or the prosecution of any private lawsuit, action, arbitration or judicial or administrative proceeding now existing or hereinafter arising against GRANDMAMA'S, JEFFREY BAILEY STANFILL, or BRIDGETTE STANFILL. Anything hereinabove to the contrary notwithstanding, nothing contained in this paragraph shall be construed to alter, diminish or limit MORELAND'S obligation to respond to any requests in the form of a subpoena, deposition notice, court order or otherwise requiring MORELAND to appear at trial, hearing or deposition to give testimony.

9. <u>Cooperation in Litigation.</u> MORELAND will cooperate with GRANDMAMA'S in all investigations of any kind and in providing truthful testimony as a witness or a declarant in

connection with any present or future court, administrative, agency, or arbitration proceeding involving GRANDMAMA'S and with respect to which MORELAND has relevant information. MORELAND also will assist GRANDMAMA'S during all phases of any judicial, administrative, agency, or arbitration proceeding involving GRANDMAMA'S and with respect to which MORELAND has relevant information including, without limitation, assisting and cooperating in the preparation and review of documents and meeting with counsel.

10. <u>Nondisparagement</u>. MORELAND and GRANDMAMA'S agree not to take any action detrimental to the interests of the other, and not to make derogatory statements, either oral or written, or otherwise disparage the other party.

11. <u>Neutral Reference.</u> In consideration of the aforementioned release, GRANDMAMA'S agrees to give MORELAND a neutral reference if a prospective employer inquires with GRANDMAMA'S regarding MORELAND'S prior employment with GRANDMAMA'S, provided that the prospective employer calls Madison McMahan, Co-Director, at (931) 802-5455, to make this inquiry. For purposes of this Agreement, a neutral reference is a reference that communicates only the dates of employment and position or title of MORELAND to inquiring potential employers. This requirement may be waived by MORELAND if MORELAND executes a waiver allowing GRANDMAMA'S to provide more information to a prospective employer.

12. <u>Successors and Assigns</u>. This AGREEMENT shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. MORELAND expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this AGREEMENT.

13. <u>Severability</u>. Should any provision of this AGREEMENT be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this AGREEMENT.

14. <u>Entire Agreement and Modification</u>. The parties hereto represent and acknowledge that in executing this AGREEMENT they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this AGREEMENT or otherwise, other than those specifically stated in this written AGREEMENT. This AGREEMENT sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements and understandings, written or oral, between the parties hereto pertaining to the subject matter hereof. This AGREEMENT may only be amended or modified by a writing signed by the parties hereto. Any waiver of any

provision of this AGREEMENT shall not constitute a waiver of any other provision of this AGREEMENT unless expressly so indicated.

15. <u>Interpretation and Governing Law</u>. This AGREEMENT shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This AGREEMENT is made and entered into in the State of Tennessee, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Tennessee.

16. <u>Enforcement</u>. It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

17. <u>Counterparts</u>. This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, MORELAND FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC., JEFFREY BAILEY STANFILL, AND BRIDGETTE STANFILL.**

ACCEPTED AND AGREED:

Dated: 12-14-2021      By: _[signature]_
                                                          SABRINA MORELAND, PLAINTIFF

Dated: _____

**GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC.**

By: _____

Name: _____

Title: _____

provision of this AGREEMENT shall not constitute a waiver of any other provision of this AGREEMENT unless expressly so indicated.

15. Interpretation and Governing Law. This AGREEMENT shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This AGREEMENT is made and entered into in the State of Tennessee, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Tennessee.

16. Enforcement. It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

17. Counterparts. This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, MORELAND FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC., JEFFREY BAILEY STANFILL, AND BRIDGETTE STANFILL.**

ACCEPTED AND AGREED:

Dated: _____

By: _____
SABRINA MORELAND,
PLAINTIFF

Dated: 12/15/21

**GRANDMAMA'S HOUSE OF PRESCHOOL AND CHILD DEVELOPMENT, INC.**

By: *[signature]*
Name: Jeffery B. Stanfill
Title: President

7